UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

RAMON E. MORILLO,

                                                 **MEMORANDUM & ORDER**
                        Plaintiff,                        17-CV-4091 (MKB)

              v.

EBAY, PAYPAL, UNITED STATES POST
OFFICE,

                        Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Ramon E. Morillo,[1] proceeding *pro se,* commenced the above-captioned action on July 6, 2017 against Defendants eBay, Paypal and the United States Post Office. Plaintiff alleges that he ordered an accordion on eBay, an internet auction website, from a seller in Germany, but the United States Postal Service never delivered the package. (Compl. at 5–6, 12, Docket Entry No. 1.)[2] The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint.

**I. Background**

      The Court assumes the truth of the factual allegations in the Complaint for the purpose of

---

      [1] In the caption of the Complaint, Plaintiff refers to himself as "Ramon E. Morillo Burgos." (Compl. at 1, Docket Entry No. 1.) However, nowhere else in the Complaint or its attachments, including Plaintiff's signature, does "Burgos" appear in Plaintiff's name. The Court therefore refers to Plaintiff as "Ramon E. Morillo."

      [2] Because the Complaint and its attachments are not consecutively paginated, the Court refers to the electronic document filing system ("ECF") pagination.

this Memorandum and Order.  On February 18, 2017, Plaintiff purchased an accordion on eBay for $325 from a seller located in Germany.  (Compl. at 9, 12.)  In addition to the cost of the item, Plaintiff paid an additional $80 in shipping costs.  (*Id.* at 12.)  The accordion was shipped on February 21, 2017 from an address in Germany (*id.* at 14); the United States Postal Service received the accordion on March 16, 2017 and sent it out for delivery on March 17, 2017, (*id.* at 24).  However, Plaintiff never received the item.  Plaintiff has contacted each of the three defendants repeatedly, (*see id.* at 8–23), but has not received any relief.  Plaintiff seeks $100 from each defendant.  (*Id.* at 7.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").  Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

2

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

### b. Subject matter jurisdiction

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch.*

3

*Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction."). For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"); *see also Bayerische Landesbank*, 692 F.3d at 48.

    c.    **The Court lacks subject matter jurisdiction over the claims against eBay and PayPal**

Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007), the Court lacks subject matter jurisdiction over Plaintiff's claims against eBay and PayPal. There is nothing to suggest that these Defendants violated any federal law, giving rise to the Court's jurisdiction under 28 U.S.C. § 1331. In addition, the Court lacks diversity jurisdiction, because Plaintiff has not met his burden "to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount" of $75,000.³ *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Tr. Co. of Chicago*, 93 F.3d

---

³ As the Second Circuit has noted, the burden to establish an amount in controversy exceeding $75,000 "is hardly onerous . . . for we recognize 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1993)). However, because Plaintiff does not plead that the amount in controversy exceeds $75,000, the Court finds that Plaintiff has not met this burden.

1064, 1070 (2d Cir. 1996). At most, in light of the price paid for the item and the cost of shipping, Plaintiff's damages total less than $1000. Moreover, Plaintiff specifically pleads that he is only seeking $100 from each of the three defendants. (Compl. at 7.) In addition, according to the addresses of Plaintiff and Defendant eBay stated in the Complaint, (*id.* at 2), both are domiciled in New York, and therefore, Plaintiff fails to establish complete diversity, *see Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 117–18 ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." (citation omitted)); *Lovejoy*, 475 F. App'x at 792 ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction."); *see also Bayerische Landesbank*, 692 F.3d at 48 (holding that companies are residents of their states of incorporation and principal places of business).

The Court therefore dismisses the claim against Defendants eBay and Paypal for lack of subject matter jurisdiction. *See Nachbaur v. Weiss*, 19 F. App'x 24, 26 (2d Cir. 2001) (affirming dismissal where defendants resided in the same state as the plaintiff and the plaintiff failed to state a claim under a federal statute); *see also* Fed. R. Civ. P. 12(h)(3). Plaintiff may wish to pursue his claims against these entities in the Small Claims Part of Civil Court, Queens County.

### d. Plaintiff's claim against the United States Post Office is barred by sovereign immunity

The Court construes Plaintiff's claim against the United States Post Office as a common law tort claim asserted against the United States Postal Service ("USPS"), and, as a result, one which must be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).[4] *See*

---

[4] Despite liberally construing the Complaint, the Court finds that Plaintiff fails to allege a breach of contract claim against the United States Postal Service because there is no indication that Plaintiff, who was the addressee of the package, entered into a contract with the United States Postal Service. *See Lam v. U.S. Postal Serv.*, No. 06-CV-0268, 2006 WL 2729199, at *3

5

*Przespo v. U.S. Post Office*, 177 F. Supp. 3d 793, 796 (W.D.N.Y. 2016) (construing a claim for "gross mishandling" of a fragile package as sounding in tort); *Brown v. eBay*, No. 14-CV-2803, 2014 WL 7342898, at *2 (E.D.N.Y. Dec. 23, 2014) (construing a cause of action against USPS for failure to deliver a package as a tort claim); *Kuhner v. Montauk Post Office*, No. 12-CV-2318, 2013 WL 1343653, at *2 (E.D.N.Y. Apr. 4, 2013) (construing a claim against USPS for mistakenly delivering a package addressed to the plaintiff to another individual as one brought under the FTCA).

Under the Postal Reorganization Act, 39 U.S.C. § 101, *et seq.*, USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. Accordingly, USPS, like the United States, is generally immune from suit. *United States v. Bormes*, 568 U.S. 6, 9–10 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992))); *see also Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006).

The Federal Tort Claims Act ("FTCA") "waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*,

---

(E.D.N.Y. Sept. 25, 2006) (finding that the extent of USPS liability for a contract claim based on the value of lost international mail is defined by the International Mail Manual, the terms of which "are limited to the rights and responsibilities of *senders*, not addressees" . . . and that the plaintiff therefore could "not bring a breach of contract claim against the USPS." (emphasis added)); *cf. Rector v. U.S. Postal Serv.*, No. 17-CV-708, 2017 WL 2303515, at *3 (E.D.N.Y. May 24, 2017) ("To the extent Plaintiff's claim is that she entered into a contract with USPS because her package was insured up to fifty dollars, her claim sounds in contract." (citing *Simat USA, Inc. v. U.S. Postal Serv.*, 218 F. Supp. 2d 365, 366 (S.D.N.Y. 2002))); *Coley v. U.S. Postal Serv.*, No. 11-CV-986, 2013 WL 2474357, at *1 (M.D.N.C. June 10, 2013) (construing a claim for insurance recovery on priority mail sent internationally as a contract claim because the plaintiff "obtained insurance for his package subject to the terms, conditions, and law by which USPS agreed to be sued").

552 U.S. 214, 217–18 (2008). However, Congress created certain exceptions to its waiver of sovereign immunity, including the "postal matter exception," which explicitly retains sovereign immunity with regard to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see also Dolan*, 546 U.S. at 485.

Here, because the sole basis for Plaintiff's claim relates to an undelivered mail package, "[t]his claim clearly falls within the 'postal matter exception' to the waiver of sovereign immunity." *See Dolan*, 546 U.S. at 489 (noting that Congress intended to retain immunity "for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address"). Therefore, Plaintiff's tort claim against USPS is barred by sovereign immunity. 28 U.S.C. § 2680(b); *Gildor v. U.S. Postal Serv.*, 179 F. App'x 756, 758–59 (2d Cir. 2006) (dismissing tort claims alleging negligence by USPS in "misdelivering" a package); *Brown*, 2014 WL 7342898, at *2 (dismissing a claim sounding in tort against USPS for failure to deliver a package because the suit was barred by sovereign immunity); *Blanc v. U.S. Postal Serv.*, No. 14-CV-1404, 2014 WL 931220, at *2 (E.D.N.Y. Mar. 10, 2014); *Azeez v. United States*, No. 10-CV-3591, 2010 WL 3310699, at * 1 (E.D.N.Y. Aug. 19, 2010) (dismissing a claim for lack of subject matter jurisdiction against USPS for loss of a laptop computer and printer); *Lam v. U.S. Postal Serv.*, No. 06-CV-0268, 2006 WL 2729199, at *3 (E.D.N.Y. Sept. 25, 2006) ("[C]ourts have dismissed FTCA claims that conflict with the postal matters exception, even where the postal matter at issue was registered or insured." (citation omitted)).

### III. Conclusion

For the foregoing reasons, the Court dismisses the Complaint without prejudice for lack of subject matter jurisdiction.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: December 28, 2017
       Brooklyn, New York